**Mrs. Inez MORRIS, Appellant,**

v.

**CITIZENS FIDELITY BANK AND TRUST COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 22, 1957.

Leslie W. Morris, Marion Rider, Frankfort, for appellant.

Nelson Helm, Stites, Wood, Helm & Peabody, Louisville, for appellees.

STEWART, Judge.

This case involves an interpretation of the will of G. H. Gowdy who died testate a single man in 1923. The pertinent facts necessary to a determination of the problem presented by this appeal may be briefly stated. The decedent's will directed that his entire estate, after the payment of all debts, funeral expenses and costs of administration, be divided into five equal parts and one of such parts be bequeathed to each of his surviving four brothers and one sister. Under the 7th section of his will in bequeathing the share to his sister, Emma J. Collins, he provided:

"7th—One of said, one fifths, as set out in item 5th is to be held in trust and the interest thereon is willed and bequeathed to my sister, Emma Jane Collins, and to be paid to her as long as she lives, at the death of my said sister then one half of the interest of said fund is to be paid to her daughter Cora (if living) as long as she lives and the other half of the interest of said fund to be paid to her daughter, Ethel, (if living) as long as she lives; at the death of my said niece Ethel, the entire half of said one fifth shall go and is bequeathed to her children; when my said niece Cora dies then if she has children *other than the one she has by her Brady husband,* then said half of said one fifth goes and is devised to her such child or children of Cora— But if Cora should leave no other children *than the child she had by Brady,* then in event at the death of Cora all of that half of that fifth goes and is devised to the children of my niece Ethel.

"As the Brady kin folks of the child that my niece Cora had by her Brady husband are providing and taking care of that child, *said Brady child is not to receive any part of my estate at all, in any event.*" (Emphasis ours)

In the 10th section of his will another one-fifth share of the estate was bequeathed in trust with instructions to pay the income therefrom to his brother, R. L. Gowdy, and his wife, Hattie Gowdy, for their lives. Upon their death this share was then to be paid to their children; but, if they had no issue, then such share was to revert back to the estate of the testator and go, according to the concluding words of this section, "to the heirs and lineal descendants of my mother, and none of the principal of my estate should go elsewhere."

R. L. Gowdy died August 21, 1954, his wife having predeceased him, and they left no children surviving them. Appellant, Inez Morris, is the person referred to

in the 7th section of the will, quoted in full above, as the child which "Cora had by her Brady husband" and she is also described as "the Brady child". "Cora", the mother of appellant, and "Ethel", both of whom are mentioned in the 7th section of the will as daughters of Emma Jane Collins, are dead. The present value of the one-fifth share bequeathed to R. L. Gowdy is stated to be about $110,000. Should appellant be declared entitled to participate in this fund, her interest would be an undivided one-eighth of the corpus. As a granddaughter of Emma Jane Collins, the testator's sister, appellant is also a lineal descendant of the testator's mother.

The time for distribution of the one-fifth of the original estate bequeathed in the 10th section has arrived. Appellee, Citizens Fidelity Bank and Trust Company, as trustee, sought the advice of the lower court in making this distribution and filed suit for a declaration of rights against the various heirs of the testator including appellant, Inez Morris. The question presented is whether the language contained in the 7th section of the will operates to divest appellant of her rights as an heir and lineal descendant of the testator's mother under the 10th section of the will. The lower court decreed that appellant was excluded entirely from the testator's bounty by the last sentence of the 7th section and directed the entry of the judgment which denied her the right to receive any share of the estate whatsoever. Inez Morris appeals.

Appellant wants us to limit the application of the divesting provision of the 7th section of the will solely to that section. We do not believe this should be done. It is our opinion the trial court correctly held that the testator under this section intended appellant should participate to no extent in his estate as a whole. It will be observed that the particular language under discussion, while incorporated in the 7th section, is not even in the same paragraph with the text describing how the share of the testator's sister (appellant's grandmother) is to be distributed. Furthermore, "the Brady child" is sufficiently divested of any rights in and to the fund of the 7th section by the first paragraph of that section, were we to consider this paragraph alone. Therefore, it would appear evident that by adding the second paragraph to this section in even more sweeping language, the testator meant to do more than merely prevent appellant from sharing in the bequest set forth in the 7th section. It will also be noted that in this second paragraph of the 7th section, the testator bars "the Brady child" from receiving "any portion of my *estate.*" In the rest of the will, when designating the fractional shares given to his various brothers and his sister, the testator scrupulously and consistently refers to such parts as "the one-fifth" or as "said fund". Accordingly we conclude that in refusing "the Brady child" any right to share in his *estate,* the testator meant to do more than prevent her from taking only under the 7th section of the will.

■ Appellant places great stress on the fact that at the conclusion of the 10th section of the will, it is provided that the remainder is left, in the phraseology of this instrument, "to the heirs and lineal descendents of my mother, and *none of the principal of my estate should go elsewhere.*" Appellant argues the emphasized language implies that the testator intended *all* of his mother's descendants take under that section. We do not subscribe to this view. The mere denial of benefits to persons outside a class creates no inference that all members of that class are to benefit. Appellant also maintains that because the testator specifically excluded appellant from the bequest set forth in the 7th section and did not do likewise in the bequest described in the 10th section of the will, well knowing she was an heir and lineal descendant of his mother, this indicated an intention that appellant was to share with all the others of this class in the property embraced in the 10th section. However, we believe

a more reasonable interpretation to put upon such action is that the testator did not definitely eliminate appellant from participation in the proceeds of the 10th section for the reason that he felt he had already done so in the strongest and plainest language possible earlier in his will.

The second paragraph of the 5th section of the will reads: "It being my will and desire and my intent that my property shall go to and belong to the heirs and lineal descendants of my mother (with the exceptions of persons to whom devise is made by name herein) and this desire and intent is to be kept in mind and followed in carrying out and construing this will—so that none of the principal of my estate shall go to any other than the heirs and lineal descendants of my mother." The position is taken that the parenthetical exception indicated in the paragraph just quoted signifies that no other exclusion may be made in the will in addition to those already set forth. As against this it may be reiterated that the rejection of appellant does not violate the testator's expressed wish that no part of his estate should go outside the family; for the parenthetical exception itself, although it seems to be ineptly worded, denotes that the testator's real intention was to except specific bequests rather than exclude named legatees.

Appellant strongly relies upon Clark v. Payne, 288 Ky. 819, 157 S.W.2d 63, to support the view taken by her in this controversy. Simply stated, these are the salient facts in that case. One Peter Bramblett devised a 400-acre tract of land to his granddaughter, Mollie P. Bramblett, his only direct descendant, for life. The remainder was to vest absolutely in her children, if any were born to her, and this tract was to revert back to his estate, should the daughter die without issue. Then he devised a 176-acre farm in fee to his brother James. He willed the residue of his estate to his wife for life and directed that after her decease this residue should be divided into equal shares and given to a living brother and sister and to the descendants of two deceased sisters. These beneficiaries were specifically named. He stated near the close of the residuary clause that "the devise to my grand-daughter Mollie P. and to my brother James * * is all that I intend they shall have or receive from my estate." The granddaughter died childless and it became necessary to determine who owned the 400-acre farm she had been devised for life. This Court, reversing the lower court, held that in spite of the divesting language of the residuary clause of the will, Peter Bramblett's brother, James, was entitled to share with the testator's other brother and sister and the descendants of the two deceased sisters in the 400-acre tract.

■  Appellant argues in the present case that the divesting language should be limited only to the section in which it appears as was supposed to have been done in the Clark case. However, in our view, the Clark case is clearly distinguishable from the case at bar. In the Clark case, the exclusionary language immediately follows that part of the residuary clause which apportioned the residue, upon the widow's death, among the living brother and sister and the descendants of the two deceased sisters of the testator. For this reason it could be logically considered as only explanatory of why the brother, James, and the granddaughter, Molly P., were not included as partakers of any portion of the residue, because they had been adequately taken care of elsewhere in the will. Furthermore Peter Bramblett did not use a separate paragraph to disinherit these two persons as the testator, G. H. Gowdy, did as to appellant in the will in controversy here. Also, the divesting language in the case under discussion is far more comprehensive than that employed in the Clark case, since in the instant case appellant was enjoined from participating in the Gowdy estate "at all, in any event." Then, too, the testator in the Bramblett will did

not use the term "estate" as discriminately as the testator employed the same term in the Gowdy will.

It is the considered opinion of this Court that a close reading of the entire will under scrutiny indicates that the trial court correctly held that appellant was not entitled to share in the G. H. Gowdy estate.

Wherefore, the judgment is affirmed.